RANDA *v.* DETROIT SCREW WORKS.

1. MASTER AND SERVANT—PERSONAL INJURIES—ASSUMPTION OF RISK—BURSTING WHEELS.

Where defendant had two machines for running emery wheels, one of which was not adapted to running six-inch wheels, on account of the great number of revolutions per minute, and had also provided wheels suitable for each machine, which were put on the machines by the workmen when needed for use, a workman whose duty it was to keep the machines in repair, and who knew that emery wheels would burst if run at too great velocity, and that it was unusual to run six-inch

wheels upon the machine making the greater number of revolutions per minute, assumed the risk of using such a wheel, whether put on by himself or a fellow-workman, or found in place when he used the machine.

2. SAME—FELLOW-SERVANTS—DUTY OF MASTER—NATURE OF ACT PERFORMED.

A foreman, in directing a workman to put a six-inch wheel upon the machine making the greater number of revolutions, was acting as a fellow-servant with a workman injured in using the wheel, as the selection of the wheel was an act usually performed by the employés, and was not the duty of the master to perform.

Error to Wayne; Carpenter, J. Submitted June 2, 1903. (Docket No. 1.) Decided September 15, 1903.

Case by Joseph Randa against the Detroit Screw Works for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Orla B. Taylor*, for appellant.

*Charles C. Stewart* and *M. M. Nesbitt*, for appellee.

HOOKER, C. J. The plaintiff recovered a verdict and judgment for $800 for the loss of an eye through the bursting of an emery wheel at which he was at work in the defendant's factory. There is little dispute upon the facts. Defendant had two machines for running emery wheels for grinding purposes, one geared to a speed of 2,000 revolutions per minute, the other geared to a speed of 5,000 revolutions per minute. Caswell, who was the foreman, under Taylor, who was in charge of the factory as superintendent for the defendant, directed a workman to put a six-inch wheel upon the latter machine, and, when this was done, asked plaintiff to grind a saw upon it, which he proceeded to do. The evidence tends to show that it was negligent to use a six-inch wheel at that speed, and such wheel was not used upon that machine.

The defendant's counsel claims that the court erred in refusing to direct a verdict for defendant, upon the grounds,

*first*, that Caswell was a fellow-servant, and, *second*, that the plaintiff assumed the risk and was guilty of contributory negligence; and these are the only questions in the case.

The case is resolved into two questions:

1. Was the negligence of the foreman in directing that the six-inch wheel be put upon the machine the act of the master or of a fellow-servant?

2. Did the plaintiff assume the risk of its use?

At the trial the court was in doubt whether the case should not be taken from the jury, in accordance with defendant's request, but it was not then convenient to have the question argued, and it was decided to submit the case to the jury, with the understanding that if, upon a motion for new trial, he should decide that he ought to have directed a verdict for the defendant, he might then do so. Before the motion could be made and argued, he left the bench, and there was therefore no opportunity to consider the question.

The evidence shows that there were two of these machines for use with emery wheels of various sizes, which were kept on hand, accessible to the men who used them, and who selected and put on the proper wheel whenever called upon to use one of them. The wheels hung upon a post, near the machines, when not in use. The machines were substantially alike, except in regard to the velocity, which differed. The plaintiff had been in defendant's employ for two years. His business had been to keep the machinery in repair. He was entirely familiar with these machines, had used both, and had put emery wheels upon them every time he used them, and was keeping wheels on the other machine in shape for some boys at the time. He claims that he never put a six-inch wheel upon that machine before, or saw one put on; that, while he never saw a six-inch wheel burst, he said that he had read, and most everybody knew, that emery wheels would burst if run at too great velocity. He saw this wheel put on that day. He knew it was unusual. He knew that this

machine ran much faster than the other. Nevertheless, it is claimed that he was ignorant of the impropriety or danger (if there was such) in using that wheel upon that machine.

·It is not for us to express doubts whether it was hazardous to use a six-inch wheel on this machine, in view of the fact that different sized wheels were kept for use upon these machines, according to the work to be done; but it seems unquestionable that the operatives used their own judgment in the selection and use of the wheels, and that this plaintiff was as well qualified to do this understandingly as any person about the premises. We think it was not the duty of the master to be present on all occasions, in person or by his representative, and superintend the selection or change of wheels. As well might it be said that he must select the chisels or augers to be used in mortising or boring machines, or the saws to be put upon a saw arbor. These things must be left to the operative, and each one assumes the risk of using them, whether put on by himself or a fellow-servant, or found in place when he uses the machine.

This being so, it becomes necessary to plaintiff's recovery to hold that Caswell, the foreman, was the representative of the master in ordering this wheel put on the machine. We have often held that the question whether one is a fellow-servant or not depends upon the nature of the act. If it is one which it is the duty of the master to do, like keeping a machine in repair, the master is responsible for injuries resulting from negligence therein. If it is one usually performed by the employés, and the master has no duty in the premises, it is the act of a fellow-servant. We are of the opinion that this was the act of a fellow-servant, and that the plaintiff cannot recover.

The judgment is reversed, with costs of both courts, there being no occasion for a new trial.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.